# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BENNIE BEARD,**

    **Plaintiff,**      **CIVIL ACTION NO. 06-CV-13715-DT**

vs.

    **DISTRICT JUDGE DAVID M. LAWSON**

**JAY MORNINGSTAR,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Defendants' Motion for Summary Judgment filed on October 2, 2007 (docket no. 40) be **DENIED** as to Defendants Sivi and Zdankiewicz on the claims of the use of excessive force and intentional infliction of emotional distress. Defendants' Motion for Summary Judgment should be **DENIED AS MOOT** as to Defendants City of Woodhaven and Gillespie, and as to the claims of cruel and unusual punishment and deliberate indifference to a serious medical need against Defendants Sivi and Zdankiewicz.

**II.**     **REPORT:**

This matter comes before the Court on Defendants' Motion for Summary Judgment filed on October 2, 2007. (Docket no. 40). Plaintiff has responded to the Motion. (Docket no. 42). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    *A.*     *Factual Background*

Plaintiff is currently a state inmate as a result of charges arising out of the facts of this action. He stole a truck which had a trailer attached to it from a Home Depot parking lot on June 30, 2004 in Woodhaven, Michigan. (Docket no. 42 at 7). Various police officers began chasing Plaintiff in the stolen truck. The chase ended in the City of Detroit where Plaintiff jumped from the vehicle and fled on foot. (*Id.*). Officers Sivi and Zdankiewicz of the Woodhaven Police Department had pursued Plaintiff in their vehicles and chased him on foot once the vehicle chase ended. Plaintiff jumped over a fence near a roadway in the course of fleeing. Two Michigan State Police troopers, Lennox and Birkenhauer, pulled up in their cruiser close to Plaintiff once he jumped over the fence. The evidence in this case differs on what happened next. The parties do not dispute, however, that Plaintiff complained of an injured ankle when he got to the Woodhaven police station and was taken to the local hospital where he was released. A few days later at a different hospital he was found to have an acute proximal fibular fracture in his right leg. (Docket no. 42, ex. G).

Plaintiff testified during his deposition as follows. Plaintiff stated that the state troopers told him to get on his knees and put his hands up. (Docket no. 42, ex. A). Two Woodhaven police officers then ran up to Plaintiff and started beating and kicking Plaintiff. Plaintiff states that he had surrendered at this time and "gaven up." (*Id.*). Plaintiff further states that he was on his knees when the first blow was struck. One Woodhaven officer, the one who transported him to the Woodhaven police station (later identified as Zdankiewicz whom Plaintiff thought was Sivi during his deposition), kicked him around the shoulder area. Both Woodhaven officers kicked him several times in the head, face, and "all over." (*Id.*). Plaintiff further testified that the two Woodhaven officers roughed him up when they got to the Woodhaven police station by socking him and pushing him up against the wall. (*Id.*).

The police reports from the Woodhaven Police Department confirm that Officer Zdankiewicz was the officer who drove Plaintiff from the scene of the arrest to the Woodhaven police station. (Docket no. 42, ex. B).

The deposition testimony of Woodhaven Officer Sivi was as follows. He and Officer Zdankiewicz were pursuing Plaintiff on foot. (Docket no. 42, ex. C). Officer Sivi went around the fence while Officer Zdankiewicz went over the fence. This caused Officer Sivi's arrival to be delayed and by the time he caught up to Plaintiff he was already in custody. (*Id.*). There were quite a few officers there. Officer Sivi did not see Plaintiff resist or fight. By the time Officer Sivi arrived Plaintiff was already in handcuffs. Plaintiff was verbally abusive and displayed a non-cooperative demeanor by resisting Officer Sivi's and Zdankiewicz's commands to walk and by his "going limp" when they were walking him to the patrol car. (*Id.*). Officer Zdankiewicz drove Plaintiff to the Woodhaven police station. Officer Sivi testified that he did not see anyone strike Plaintiff.

Defandant Zdankiewicz testified at his deposition as follows. He gave chase down an alley and went over the fence after Plaintiff. (Docket no. 42, ex. D). He then saw Plaintiff standing with two officers engaging him. There was one Detroit police officer there and two Michigan state troopers. The Detroit police officer had a gun drawn on Plaintiff and the troopers were "engaging" Plaintiff. Plaintiff was non-compliant with the troopers' attempt to handcuff him. Officer Zdankiewicz, Plaintiff, and the two troopers then went to the ground. Plaintiff kept his arm clutched under his chest with his face down on the ground. Officer Zdankiewicz pulled one of Plaintiff's arm out from under him and another officer pulled the other arm out. Plaintiff was handcuffed, and walked up to and placed in the patrol car. Officer Sivi did not help with the arrest. Officer Zdankiewicz testified that he used a "knee strike to the common peroneal" on Plaintiff to distract him from resisting and to allow the officers to

gain physical control over Plaintiff. This knee strike was to Plaintiff's thigh area. Officer Zdankiewicz did not see anyone punch Plaintiff. Plaintiff did not make any physically aggressive acts. (*Id.*).

The testimony of the two Michigan state troopers is very similar. Troopers Lennox and Birkenhauer were in the same patrol vehicle. (Docket no. 42, ex. E & F). Birkenhauer was the driver. Once they saw Plaintiff scaling the fence, Trooper Lennox exited the patrol car and tackled Plaintiff to the ground. Trooper Birkenhauer then helped pull Plaintiff's arms from under his chest and handcuff him. Trooper Birkenhauer testified that he did not believe it was difficult to pull Plaintiff's arms out from under him. Plaintiff was not physically resisting when they were exchanging the handcuffs on Plaintiff. Trooper Lennox testified that he had to pull Plaintiff's hands out from under him but that Plaintiff was not otherwise resisting. When the troopers were taking Plaintiff down and getting him handcuffed they were the only two officers on the scene. There were no Woodhaven police officers there. It was only when the troopers had handcuffed Plaintiff and stood him up that the Woodhaven officers arrived. They exchanged their cuffs on Plaintiff for the Woodhaven police officer's cuffs and cleared the scene.

   *B.    Claims*

Plaintiff's Amended Complaint in Count 1 raises claims of excessive force resulting in an unreasonable seizure under the Fourth and Fourteenth Amendments, cruel and unusual punishment in violation of the Eighth Amendment, and deliberate indifference to a serious medical need presumably in violation of the Eighth Amendment. Count 2 raises claims against the City of Woodhaven by its failure to properly train its police officers. Count 3 raises a claim of intentional infliction of emotional distress against the individual Defendants. (Docket no. 21). Plaintiff seeks damages as relief.

Plaintiff revealed in his Response to this Motion that he has agreed to dismiss Defendants City of Woodhaven and Gillespie. (Docket no. 42 at 9). In addition, Plaintiff has agreed to dismiss all but

-4-

his excessive force and intentional infliction of emotional distress claims against Defendants Zdankiewicz and Sivi. (*Id.*). A stipulated Order dismissing these Defendants and claims has been submitted by the parties and will be filed in due course. Accordingly, the only Defendants remaining in this action are Officers Sivi and Zdankiewicz and the only claims against them are for excessive force and intentional infliction of emotional distress. This Court therefore recommends that Defendants' Motion for Summary Judgment be denied as moot as to these Defendants and claims that Plaintiff has already agreed to dismiss.

      C.      *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d. 912, 914-15 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

      C.      *Analysis*

           1.      *Excessive Force*

The Fourth Amendment guarantees individuals the right to be free from excessive force during an arrest. *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 173 (6th Cir. 2004). Excessive force claims during an arrest are evaluated under the Fourth Amendment's reasonableness standard, in other words

whether the officer's actions were objectively reasonable under the circumstances. (*Id.*). The Sixth Circuit has held "repeatedly" that "the use of force after a suspect has been incapacitated or neutralized is excessive as a matter of law." *Baker v. City of Hamilton, Ohio,* 471 F.3d 601, 607 (6th Cir. 2006) (citing cases).

Defendants fail to properly consider the impact of Plaintiff's deposition testimony on their Motion. They contend that Plaintiff resisted being handcuffed and that Officer Zdankiewicz "offered minimal assistance, which included one knee strike to the Plaintiff's thigh." (Docket no. 40 at 12). They also argue that Officer Sivi did not participate in the apprehension or cuffing of Plaintiff. (*Id.*).

However, Plaintiff testified that both officers ran up to him and started beating and kicking him. (Docket no. 42, ex. A at deposition pp. 55, 56, 64, 66). Plaintiff said that at the time he had surrendered and given up. (*Id.* at 64). Plaintiff further testified that both officers kicked him several times in the head, face, and "all over." (*Id.* at 66). The Court cannot simply ignore this testimony which creates a genuine issue of material fact on whether Defendants violated Plaintiff's right to be free from excessive force. This is deposition testimony which Plaintiff may properly rely on to defeat Defendants' Motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (Fed. R. Civ. P. 56(e) requires non-moving party to go beyond pleadings, such as by depositions, and designate facts showing genuine issue for trial). In addition, Plaintiff may rely on the deposition testimony of the two Michigan state troopers who stated that Plaintiff was not fighting or resisting them during the arrest except perhaps by not voluntarily moving his hands from under himself. (Docket no. 42, exs. E & F). They accomplished this easily, however, without the need for force. (*Id.*). A jury could find that the Defendants used force against Plaintiff after he was incapacitated or neutralized. Plaintiff has therefore stated a claim of excessive force and shown that genuine issues of fact exist for trial. *See Baker*, 471 F.3d at 607.

Defendants also contend that their qualified immunity shields them from liability in this action. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (government officials performing discretionary functions generally shielded from civil damages for conduct not violating clearly established rights of which reasonable person would have known). Having found that a jury could determine that Plaintiff's Fourth Amendment rights were violated, the next inquiry to determine whether Defendants are protected by qualified immunity is whether Plaintiff's right to be free from such force was "clearly established" at the time of the incident. *See Baker*, 471 F.3d at 608. This incident occurred in 2004. The Sixth Circuit had held prior to that time that repeatedly striking an arrestee after he was neutralized is excessive force. *See id.*; *Phelps v. Coy*, 286 F.3d 295 (6th Cir. 2002) (repeatedly striking criminal defendant after he was neutralized); *Adams v. Metiva*, 31 F.3d 375 (6th Cir. 1994) (use of force after incapacitation by mace is excessive force). Therefore, Plaintiff's right that was possibly violated was clearly established at the time of the incident. Defendants are accordingly not protected by qualified immunity.

Defendants' Motion for Summary Judgment as to the excessive force claim should be denied.

    2.  *Intentional Infliction of Emotional Distress*

In order to state a claim of intentional infliction of emotional distress, Plaintiff must establish: (1) extreme or outrageous conduct; (2) intent or recklessness; (3) causation; and (4) extreme emotional distress. *See McCahill v. Commercial Union Ins. Co.*, 446 N.W.2d 579, 582 (Mich. Ct. App. 1989). Defendants argue that Plaintiff fails to show extreme or outrageous conduct. (Docket no. 40 at 20-21). They rely on *Cebulski v. City of Belleville*, 401 N.W.2d 616 (Mich. Ct. App. 1986). In that case, an officer did not engage in extreme or outrageous conduct when he detained the plaintiff close to the plaintiff's home while the officer cited him for a traffic infraction. This was done despite the plaintiff's insistence that he had to relieve himself. The plaintiff soiled his pants while waiting for the officer to complete the citation. This factual scenario is very different from the one Plaintiff alleges in this action. The

officer in *Cebulski* had the right to detain the plaintiff. However, if the jury finds that Defendants gratuitously struck Plaintiff several times after he was incapacitated, they had no right to engage in this conduct. Accordingly, a genuine issue of material fact exists as to whether Defendants intentionally inflicted emotional distress upon Plaintiff. Defendants' Motion as to this claim should be denied.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 03, 2007                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Bennie Beard and Counsel of Record on this date.

Dated: December 03, 2007          <u>s/ Lisa C. Bartlett</u>
                                          Courtroom Deputy